UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald Gene Langley, III (M16438) | ) ) | |
| Plaintiff, | ) | Case No. 25 C 11257 |
| | ) | |
| vs. | ) | Hon. Sunil R. Harjani |
| | ) | |
| Thomas Dart, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANT SHERIFF THOMAS DART'S**
**UNOPPOSED MOTION FOR ENTRY OF ORDER IN LIEU OF ANSWER**

NOW COMES the Defendant, SHERIFF THOMAS DART, ("Sheriff Dart") by his attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her assistant, JEREMIAH KEMPER, and respectfully moves this Court to enter an order in lieu of answer to the Plaintiff's complaint. In support of this motion, Sheriff Dart states the following:

1. On September 16, 2025, the Court received a complaint from Plaintiff Ronald Gene Langley, III ("Plaintiff") against Sheriff Dart, Cook County Jail, and a John Doe Officer regarding claims stemming from an alleged search conducted on December 18, 2023. (Dkt. 1.)

2. On October 21, 2025, the Court conducted a §1915A Review of Plaintiff's Complaint, and found that Sheriff Dart was named only as a nominal defendant, and that Plaintiff could proceed against the Sheriff for the purpose of identifying the unnamed correctional officer. (Dkt. 6.)

3. Waiver of service was mailed on October 21, 2025, and the undersigned attorney filed an appearance and waiver of service on October 27, 2025. (Dkts 8-9.)

4. Waiver of Service by Sheriff Dart automatically triggered a December 22, 2025, due date for Sheriff Dart's Answer even though the Court's prior Orders make clear that Sheriff Dart remains in this action solely for the purpose of identifying the unnamed correctional officer.

5. Defendant held a telephonic meet and confer with Plaintiff on November 24, 2025. During that meet and confer, Plaintiff indicated that she has no objections to the entry of this order.

6. In light of this Court's written orders, Defendant Sheriff Dart respectfully requests that this Court enter the [Proposed] Order in Lieu of Answer that has been emailed to *Proposed_Order_Harjani@ilnd.uscourts.gov* per this Court's standing orders. This proposed order states, in sum, as follows: (1) this Court having found no basis for liability on the part of Sheriff Dart articulated in Plaintiff's Complaint, Sheriff Dart remains in this case as a necessary party solely for purposes of responding to any discovery requests for information regarding the identity of the unnamed defendant; (2) Sheriff Dart is not obligated to file an answer to Plaintiff's complaint, and (3) in accordance with this Court's written orders, once Plaintiff files an amended complaint and summonses for service on the appropriate defendant, Sheriff Dart will be dismissed.

WHEREFORE, Sheriff Dart respectfully requests that this Honorable Court enter the Proposed Order in Lieu of Sheriff Dart's Answer to Plaintiff's Complaint, and for such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: */s/ Jeremiah Kemper*
Jeremiah Kemper
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
Jeremiah.Kemper@cookcountysao.org

(312) 603-1831
*Attorney for Sheriff Dart*

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents, and caused it to be served on the below-stated individual via U.S. Mail, postage prepaid, by depositing it with the U.S. Postal service at 50 W. Washington St., Chicago, IL 60602 at or before the hour of 5:00 p.m. on this 24th day of November, 2025.

Via US MAIL:

    Ronald Gene Langley, III
    Logan Correctional Center
    M16438
    P.O. Box 1000
    Lincoln, IL 62656

                                            */s/ Jeremiah Kemper*
                                            JEREMIAH KEMPER